# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADEZDA STEELE-WARRICK, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff<br>vs.<br><br>MICROGENICS CORPORATION AND THERMO FISHER SCIENTIFIC INC.,<br><br>                  Defendants | Hon. Vera M. Scanlon<br><br>CASE 1:19-cv-06558-VMS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THERMO FISHER SCIENTIFIC INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE CLASS ALLEGATIONS** |

Defendant Thermo Fisher Scientific Inc. submits this memorandum to set forth additional grounds for dismissing Plaintiff's First Amended Class Action Complaint. Thermo Fisher also joins in Defendant Microgenics Corporation's arguments for dismissing the Complaint and striking the class allegations.

## Introduction

Plaintiff's claims arise from Microgenics' contract with the New York Department of Corrections and Community Supervision ("DOCCS") to supply urinalysis analyzers, immunoassays, and certain related services. Thermo Fisher is Microgenics' indirect corporate parent. Thermo Fisher was not a party to the contract between Microgenics and DOCCS. And the Complaint does not plausibly allege that Thermo Fisher undertook any responsibilities, or provided any goods or services, with respect to the contract. Nor does the Complaint allege—plausibly or otherwise—any basis for disregarding corporate separateness. Accordingly, and in addition to the reasons set forth in Microgenics' motion to dismiss, the Complaint fails to state a claim against Thermo Fisher, and Thermo Fisher is entitled to dismissal.

**Factual Background**

Thermo Fisher is a Delaware corporation with its headquarters in Boston, Massachusetts. Compl. [ECF 31] ¶ 10. Thermo Fisher is the indirect corporate parent of Microgenics Corporation, whose direct corporate parent is Thermo Fisher Scientific Germany BV & Co. KG. *See* Thermo Fisher Form 10-K, Ex. 21: Subsidiaries of the Registrant, https://www.sec.gov/Archives/edgar/data/97745/000009774520000009/tmo201910kex21.htm (last accessed Apr. 21, 2020); *see also* Compl. ¶ 10 (alleging that Thermo Fisher is Microgenics' parent corporation).[1] Microgenics does business under the name "Thermo Fisher Scientific." Compl. ¶¶ 10, 21; Contract No. CC161456, Appendix H [Ex.1[2]] (noting that Microgenics does business as Thermo Fisher Scientific).[3]

Thermo Fisher is not a party to Microgenics' contract with DOCCS for the supply of urinalysis analyzers, immunoassays, and related services. Compl. ¶ 2; *see* Contract No. CC161456 [Ex. 1] (stating that the agreement is between DOCCS and "Microgenics Corporation (hereinafter 'CONTRACTOR'), with its principal office located at 46500 Kato Road, Fremont, CA"). Furthermore, and contrary to Plaintiff's insinuations, Thermo Fisher does not manufacture the Indiko Plus urinalysis analyzers Microgenics supplied to DOCCS under the contract. *See* 510(k) Substantial Equivalence Determination Decision Summary, 510(k) Number k110035,

---

[1] The Court may take judicial notice of SEC filings and consider them in connection with a Rule 12 motion. *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 F. App'x 474, 476 (2d Cir. 2006).

[2] All exhibits are attached to the contemporaneously filed Declaration of Nathan J. Marcusen.

[3] The contract between DOCCS and Microgenics is integral to the Complaint, and the Court may consider it. *See, e.g.*, *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) ("Where . . . certain contracts are integral to the complaint, we [ ] consider those documents.").

https://www.accessdata.fda.gov/cdrh_docs/reviews/K110035.pdf [Ex. 2] (last accessed Apr. 24, 2020) (identifying Thermo Fisher Scientific Oy as the 510(k) applicant).[4]

## Argument

To withstand a motion to dismiss under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007)). Although courts "construe the pleadings liberally, 'bald assertions and conclusions of law will not suffice.'" *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). To meet muster, the "plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**The Complaint fails to plausibly allege a claim against Thermo Fisher.**

As pleaded, Plaintiff's claims arise out of Microgenics' contractual agreement to supply DOCCS with urinalysis analyzers, immunoassays, and related services. *See generally* Compl. ¶¶ 13–52. Plaintiff acknowledges that Microgenics is the corporate entity that entered into the supply contract with DOCCS. Compl. ¶¶ 2, 21. She also acknowledges that Microgenics and Thermo

---

[4] The Court may consider the publicly available FDA market-clearance documents for the subject products. *See, e.g.*, *Crespo v. S.C. Johnson & Son, Inc.*, 394 F. Supp. 3d 260, 266 n.3 (E.D.N.Y. 2019) (taking judicial notice of documents on EPA's website, including records pertaining to the subject product's EPA registration); *Tierney v. AGA Med. Corp.*, No. 4:11CV3098, 2011 WL 7400469, at *4 (D. Neb. Nov. 18, 2011) (taking judicial notice of "Instructions for Use" documents publicly available on FDA's website where said documents contained warnings against same adverse reaction suffered by plaintiff).

Fisher are separate corporate entities, with the former being an (indirect) subsidiary of the latter. Compl. ¶ 2. And she further acknowledges that Microgenics does business under the name "Thermo Fisher Scientific." Compl. ¶¶ 10, 21.

Nevertheless, in a transparent effort to plead around corporate separateness, Plaintiff groups Microgenics and Thermo Fisher together throughout the Complaint to suggest that Thermo Fisher somehow jointly undertook obligations with Microgenics under the supply agreement with DOCCS:

- "In September 2018, DOCCS entered into a five-year contract . . . with **Defendants**";
- "The Contract required **Defendants** to conduct onsite training";
- "The Contract required **Defendants**' employees to testify at disciplinary hearings."

Compl. ¶¶ 22, 26, 29 (emphasis added). Plaintiff does not, however, aver a single fact explaining how or why Thermo Fisher, as Microgenics' indirect parent company and a non-signatory to the contract with DOCCS, would have incurred any rights, obligations, responsibilities, or liabilities under the contract. *See* Compl. ¶ 31 (asserting that Thermo Fisher incurred "responsibilities" under the contract, but failing to allege any facts identifying responsibilities that Thermo Fisher supposedly incurred or explaining how or why Thermo Fisher incurred responsibilities). And the contract's plain language unequivocally refutes Plaintiff's bald allegation that Thermo Fisher was a party to the contract or assumed any duties thereunder.

Plaintiff's resort to group pleading on the basis of Thermo Fisher's corporate relationship with Microgenics does not suffice to state a claim against Thermo Fisher as a non-signatory to the contract with DOCCS. To the contrary, "a corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 2011). To circumvent this principle and hold a corporate parent liable, the plaintiff must pierce

4

the corporate veil by setting forth allegations showing "actual domination by the corporate parent over the corporate subsidiary, rather than mere ownership." *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 515 (S.D.N.Y. 2004), citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69–70 (2d Cir. 1996). Where, as here, a plaintiff asserts claims against a parent corporation based on a subsidiary's actions and does not plead facts justifying veil piercing, the claims against the parent are properly dismissed. *E.g.*, *Sabol v. Bayer Healthcare Pharm., Inc.*, __ F. Supp. 3d __, 2020 WL 705170, at *10–11 (S.D.N.Y. 2020) (taking judicial notice of the fact that the parent corporation did not manufacture the product at issue and dismissing product liability claims against the parent corporation because the complaint did not plausibly allege domination of the subsidiary).

Under the *Iqbal* plausibility standard, Plaintiff has not averred facts suggesting any basis for finding Thermo Fisher liable under Microgenics' contract with DOCCS. Thus, even if the Complaint were construed to state a claim against Microgenics, Thermo Fisher would nonetheless be entitled to dismissal.

## **Conclusion**

In addition to the reasons for dismissal stated in Defendant Microgenics Corporation's memorandum in support of its motion to dismiss, Plaintiff's Complaint independently fails to state a claim as to Thermo Fisher because Thermo Fisher is not a party to the contract between Microgenics and DOCCS on which Plaintiff bases her claims.

Respectfully submitted,

Dated: April 24, 2020

s/Christopher R. Carton
Christopher R. Carton (ID # CC0408)
Erica Mekles (ID # EM1020)
BOWMAN AND BROOKE LLP
317 George Street, Suite 320
New Brunswick, NJ 08901
Telephone: (201) 577-5175
chris.carton@bowmanandbrooke.com
erica.mekles@bowmanandbrooke.com

Nathan J. Marcusen (*admitted PHV*)
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone: (612) 339-8682
nathan.marcusen@bowmanandbrooke.com

***Attorneys for Defendant Thermo Fisher Scientific Inc.***