```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
NADEZDA STEELE-WARRICK and              :
DARRYL SCHULTZ, individually and on     :
behalf of all others similarly situated,:
                                        :
                 Plaintiffs,            :
                                        :
   -against-                            :
                                        :                    ORDER
                                        :
MICROGENICS CORPORATION, THERMO         :              19 Civ. 6558 (FB) (VMS)
FISHER SCIENTIFIC, INC., ANTHONY        :
ANNUCCI, JAMES O'GORMAN,                :
CHARLES KELLY, RICHARD FINNEGAN,        :
DONALD VENETTOZZI, ANTHONY              :
RODRIGUEZ, COREY BEDARD, and            :
JENNIFER BOOTH,                         :
                                        :
                 Defendants.            :
----------------------------------------------------------- x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Defendants Anthony Annucci and James O'Gorman filed a letter motion seeking to stay their depositions pending resolution of their interlocutory appeal of the District Court's denial of their motion to dismiss on qualified immunity grounds, see ECF No. 247, renewing arguments for a stay made in prior letters, see, e.g., ECF Nos. 206, 217, 218, 234, 237, 247.  Plaintiffs Nazezda Steele-Warrick and Darryl Schultz oppose the stay of Mr. Annucci and Mr. O'Gorman's depositions.  See ECF Nos. 221, 242, 249.  For the following reasons, Mr. Annucci and Mr. O'Gorman's request for a stay of their depositions is denied in part and granted in part.  Mr. Annucci and Mr. O'Gorman may only be deposed as non-parties at this time on claims that are not on interlocutory appeal.

The Court assumes familiarity with the underlying allegations, which are set forth in the Third Amended Complaint, see ECF No. 105, and the District Court's opinion on Defendants' motion to dismiss, see ECF No. 193.  Mr. Annucci and Mr. O'Gorman argue that their

1

interlocutory appeal, which is currently pending before the United States Court of Appeals for the Second Circuit, entitles them to the "right to not stand trial or face the burdens of litigation until their appeal on qualified immunity is resolved" and they argue that they would lose their entitlement if Plaintiffs are permitted to depose them now. See ECF Nos. 234. Plaintiffs respond that the qualified immunity protections do not prevent Mr. Annucci and Mr. O'Gorman from being deposed in connection with claims that are not on appeal. See ECF No. 242 at 2. The Court largely agrees with Plaintiffs.

Qualified immunity grants "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985); see In re Facebook, Inc., IPO Sec. & Derivative Litig., 42 F. Supp. 3d 556, 559 (S.D.N.Y. 2014) ("the right at issue on an immunity appeal is the right to be immune from being litigated against, rather than liability on a claim"). Courts must ensure that government officials are not subjected to unnecessary and burdensome discovery until issues of immunity have been resolved at the earliest opportunity. Crawford-El v. Britton, 523 U.S. 574, 597 (1998). There is a strong public interest in protecting officials from the costs associated with litigation. See Harlow v. Fitzgerald, 457 U.S. 800, 817-19 (1982).

The "right to immunity is a right to immunity from certain claims, not from litigation in general." Behrens v. Pelletier, 516 U.S. 299, 312, 116 S. Ct. 834, 841 (1996). Where a plaintiff alleges multiple claims, discovery may go forward on issues for which there is no claim to immunity. See In re Flint Water Cases, 960 F.3d 820, 830 (6th Cir. 2020); McLaurin v. Morton, 48 F.3d 944, 949 (6th Cir. 1995) ("Granting qualified immunity on only one of the claims may reduce discovery but it does not eliminate it."). Discovery may also go forward where a denial of qualified immunity is pending on interlocutory appeal. See Flint Water Cases, 960 F.3d at

826; Alice L. v. Dusek, 492 F.3d 563, 565 (5th Cir. 2007); Leaf v. Shelnutt, 400 F.3d 1070, 1078 (7th Cir. 2005).

Courts "assess four factors when deciding whether to grant a motion to stay discovery pending interlocutory appeal: whether (1) Defendants have shown a likelihood of success on appeal; (2) Defendants are likely to suffer irreparable harm; (3) the stay will or will not injure the other parties to the case; and (4) the stay is in the public interest." C.R. Corps v. Pestana, No. 21 Civ. 9128 (VM), 2022 WL 3445729, at *1 (S.D.N.Y. Aug. 17, 2022). "Courts in this Circuit have expressed skepticism that a party seeking a stay pending appeal will suffer irreparable harm where that party will be subject to discovery, including giving deposition testimony and providing documents regardless of the relief sought." Id. (internal quotation marks omitted) (citing New York v. Dep't of Comm., 339 F. Supp. 3d 144, 149 (S.D.N.Y. 2018), and V.S. v. Muhammad, No. 07 Civ. 1281 (DLI) (JO), 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009)). As to the public interest factor, "[c]ourts have been particularly cautious in staying discovery in cases . . . relating to government transparency and constitutional rights." C.R. Corps, 2022 WL 3445729, at *4.

This Court finds that consideration of the factors weighs against staying Mr. Annucci and Mr. O'Gorman's depositions.[1] Mr. Annucci and Mr. O'Gorman are not likely to suffer irreparable harm from being deposed while their interlocutory appeal is pending. Plaintiffs' claims against Defendants Microgenics Corporation, Thermo Fisher Scientific, Inc. and Cory Bedard are not on interlocutory appeal, and the Court declined to stay discovery generally. See

---

[1] Without weighing in on the issue, the Court will assume, for the purposes of this Order only, that moving Defendants have shown a likelihood of success on appeal. As discussed, the other factors outweigh that assumption.

3

6/21/2023 Order.  The Court may order any party to participate in discovery on claims for which no immunity exists, regardless of whether qualified immunity is being appealed as to other claims.  See In Re Flint Water Cases, 960 F.3d at 826.  If Mr. Annucci and Mr. O'Gorman were to prevail on their appeals and were to be dismissed as defendants, they would still be required to respond to discovery, if as non-parties.  See id. at 830 ("ordering Snyder and Dillon to comply with discovery requests as non-party fact witnesses to events regarding wholly separate claims against different defendants does not, in the abstract, interfere with their immunity").  Any risk of irreparable harm is mitigated by the Court's limiting instruction.

  Considering the remaining factors, a stay of Mr. Annucci and Mr. O'Gorman's depositions would be prejudicial to Plaintiffs and would not be in the public interest.  Plaintiffs have an interest in resolving their claims expeditiously.  All parties have been diligently pursuing discovery, and these depositions are among the last fact-discovery depositions that need to be completed.  Without them, it would be difficult to move to dispositive motion practice, even on the state law claims.  This delay would prejudice the other Defendants.  Plaintiffs also have an interest in deposing Mr. Annucci and Mr. O'Gorman in a timely fashion, given that Plaintiffs' factual allegations date back more than eight years.  See Third Amended Complaint, ECF No. 105 ¶ 185.  The public likewise has an interest in timely resolution, as the case involves "allegations of serious misconduct by government officials."  See C.R. Corps, 2022 WL 3445729, at *4.

For the foregoing reasons, Mr. Annucci and Mr. O'Gorman's request for a stay of their depositions is denied in part and granted in part. Plaintiffs may depose them as non-parties with respect to the claims that are not on interlocutory appeal.

Dated: Brooklyn, New York
       September 26, 2023

                                      *Vera M. Scanlon*
                                      VERA M. SCANLON
                                  United States Magistrate Judge