UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NADEZDA STEELE-WARRICK and
DARRYL SCHULTZ, individually and
on behalf of all others similarly situated,

             Plaintiffs,

    -against-

MICROGENICS CORPORATION
AND THERMO FISHER SCIENTIFIC
INC., ANTHONY ANNUCCI, JAMES
O'GORMAN, CHARLES KELLY,
RICHARD FINNEGAN, DONALD
VENETTOZZI, ANTHONY
RODRIGUEZ, COREY BEDARD, and
JENNIFER BOOTH

            Defendants.

---

**MEMORANDUM AND ORDER**

Case No. 19-CV-6558 (FB) (VMS)

*Appearances:*
*For the Plaintiffs*:
EMERY CELLI BRINCKERHOFF
Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*For the Microgenics Defendants*:
CHRIS R. CARTON
ERICA S. MEKLES
Bowman and Brooke LLP
317 George Street, Suite 320
New Brunswick, NJ 08901

**BLOCK, Senior District Judge:**

    Defendants Microgenics Corporation ("Microgenics") and Thermo Fisher

Scientific Inc.'s ("Thermo Fisher") (collectively, the "Microgenics Defendants")

move to alter or amend the Court's June 13, 2023, denial of their motion to dismiss

Plaintiffs' claims, except as to the Eight Amendment claim, which the Court dismissed. *See Steele-Warrick v. Microgenics Corp.*, No. 19-CV-6558, 2023 WL 3959100 (E.D.N.Y. June 12, 2023). For the following reasons, the motion is DENIED.

## I.     BACKGROUND

The parties' familiarity with the factual allegations is assumed. In short, Plaintiffs allege that while they were under Department of Corrections and Community Supervision ("DOCCS") custody, Microgenics Defendants failed to adhere to the relevant professional standards in performing their contractual obligations involving the inmate urinalysis drug-testing program. Consequently, Plaintiffs received false positive drug test reports and suffered undeserved discipline. In a putative class action, Plaintiffs sued the Microgenics Defendants, as well as eight current and former DOCCS employees ("DOCCS Defendants").

On April 26, 2023, as against the DOCCS Defendants, this Court dismissed Plaintiffs' Eight Amendment claim but held that Plaintiffs stated a substantive due process claim for which the DOCCS Defendants were not entitled to qualified immunity. *See Steele-Warrick v. Microgenics Corp.*, No. 19-CV-6558-FB-VMS, 2023 WL 3081290 (E.D.N.Y. Apr. 26, 2023).

Then, as against the Microgenics Defendants on June 12, 2023 —the decision at issue here — the Court dismissed Plaintiffs' Eight Amendment claim

but denied Microgenics Defendants' motion to dismiss as to Plaintiffs' negligence, New York General Business Law § 349, and § 1983 claims for substantive due process. *See Steele-Warrick*, 2023 WL 3959100. Microgenics Defendants have brought this motion for reconsideration challenging several aspects of the Court's opinion.

## II.   DISCUSSION

Federal Rule of Civil Procedure 59(e) enables parties to timely file motions to alter or amend a judgment to "correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008). Such motions must "request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *id.*). Local Rule 6.3 is similar, with both standards being "demanding," and the remedy to be used "sparingly." *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM)(ST), 2022 WL 9446910, at *1 (E.D.N.Y. Oct. 14, 2022). The movant may neither seek to relitigate an issue already decided, *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), nor raise new arguments. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001). Microgenics Defendants argue that the Court's decision made several clear errors.

3

## A. Microgenics Defendants' Status as State Actors

The Court denied Microgenics Defendants' motion to dismiss as to Plaintiffs' § 1983 claim for substantive due process, finding that Microgenics Defendants could be liable under § 1983 because Plaintiffs plausibly alleged "state action under the public function test," which Microgenics Defendants now dispute.

The Court did not err.  As the Court explained, the only court to examine similar facts — the liability of a private corporation that designs and manufactures urine drug tests, which it sells to be administered to inmates — held that "drug-testing in a prison may be considered a traditional state function."  *See Amig v. Cnty. of Juniata*, 432 F. Supp. 3d 481, 483 (M.D. Pa. 2020).  As the *Amig* court explained, the state is constitutionally required to provide humane conditions of confinement, which includes a safe environment; this environment, in turn, necessitates maintaining a drug-free setting.  Thus, because maintaining a drug-free setting in incarceration is a traditional state function, "[t]he Facility cannot then delegate the duty to monitor drug use a private party and absolve inmates of constitutional rights by doing so."  *Id.* at 487.

Here, Plaintiffs allege Microgenics Defendants were so involved in implementing, overseeing, and directing drug test that they were effectively delegated authority to monitor drug use.  Thus, while a contractor selling products to the government alone does not create state action under § 1983, Microgenics

4

Defendants' alleged "involvement in virtually all stages of drug testing" satisfies the public function test. *Steele-Warrick*, 2023 WL 3959100, at *5.

## B. Plaintiffs' Injuries

Microgenics Defendants next contend that Plaintiffs failed to suffer constitutional injuries.   The Court has already rejected this argument twice, in both its motion-to-dismiss opinions, finding that Plaintiffs plausibly alleged a deprivation of a cognizable liberty interest, specifically "freedom from arbitrary discipline while in state custody." *See Steele-Warrick*, 2023 WL 3959100, at *6 (citing *Steele-Warrick*, 2023 WL 3081290, at *7).  The two, non-binding, district court cases Microgenics Defendants now cite as the Court having "overlooked," *see Taylor v. Microgenics Corp.*, No. 21 CV 6452 (VB), 2023 WL 1865274 (S.D.N.Y. Feb. 9, 2023) and *Moreland v. Microgenics Corp.*, No. 21-CV-00748 (EN) (VLB), 2022 WL 2657287 (E.D.N.Y. June 1, 2022), neither control the Court's finding nor support Microgenics Defendants' argument.[1]

*Taylor* did not consider whether the alleged injury was cognizable, instead dismissing the substantive due process claim on Plaintiff's failure to plead personal involvement. *See Taylor*, 2023 WL 1865274, at *11.  And *Moreland*'s substantive due process analysis was limited to a footnote stating that the plaintiffs did not

---

[1] Both *Taylor* and *Moreland* involved the same Microgenics Defendants and same counsel as this case and were rendered before the Court's June 12 decision. Curiously, Microgenics Defendants' counsel cited neither case in their papers.

demonstrate that the action shocked the conscience.  *See Moreland*, 2022 WL

2657287, at *6 n.14.  Here, Microgenics Defendants do not contest the Court's

finding that Plaintiffs plausibly alleged conscience-shocking action, and the Court

need not revisit its finding, even if the *Moreland* court took a different view.  *See*

*Steele-Warrick*, 2023 WL 3959100, at *7 ("These allegations are sufficiently

conscience-shocking.").

### C. Microgenics Defendants' Involvement

Microgenics Defendants argue that they did not directly participate in

allegedly unconstitutional deprivations, relying on *Taylor* and *Moreland*.

Plaintiffs contend, correctly, that Microgenics Defendants failed to raise this

argument in their motion to dismiss, rendering the motion for reconsideration an

improper vehicle for raising this argument.  *See Wechsler v. Hunt Health Sys., Ltd.*,

186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (a party may not "advance new theories

or adduce new evidence in response to the court's rulings" on a motion for

reconsideration).

Regardless, Plaintiffs have plausibly alleged sufficient personal involvement

by the Microgenics Defendants.  It is of no moment that DOCCS Defendants,

rather than Microgenics Defendants, imposed the discipline: a party can

nonetheless face § 1983 liability if it was "a direct and proximate cause" of the

constitutional deprivation, even if that party did not make the "ultimate

determination." *See Whiting v. Inc. Vill. of Old Brookville*, 79 F. Supp. 2d 133, 137 (E.D.N.Y. 1999), *aff'd sub nom. Whiting v. Old Brookville Bd. of Police Comm'rs*, 4 F. App'x 11 (2d Cir. 2001). Plaintiffs' allegations that, inter alia, Microgenics Defendants urged DOCCS to rely on their test to impose punishment on the inmates, as well as their testimony at disciplinary hearings that the tests were sufficiently reliable enough to impose discipline, suffice to show personal involvement.

Once again, neither *Taylor* nor *Moreland* changes the Court's analysis. In contrast to Plaintiffs' allegations, the *Taylor* court found that "DOCCS was no longer relying on the Microgenics Defendants' representations or training as to the reliability of IPUA tests," which thus failed to support "a reasonable inference that the Microgenics Defendants directly participated in imposing the allegedly unconstitutional discipline." *Taylor*, 2023 WL 1865274, at *6. And unlike the *Moreland* court — which found "nothing in the complaint [that] suggests defendants were involved in the conduct that each plaintiff claims caused their injury," *see Moreland*, 2022 WL 2657287, at *6 — this Court found repeated instances of Microgenics "downplaying, ignoring, or actively misleading DOCCS personnel as to the need for confirmatory testing and evidence regarding Indiko Plus's inaccuracy." *Steele-Warrick*, 2023 WL 3959100, at *6. Accordingly, under these facts, the Court did not err.

### D. Qualified Immunity

Microgenics Defendants next argue that if they are state actors for the purposes of Plaintiffs' substantive due process claim brought pursuant to § 1983, they are entitled to qualified immunity.

Whatever the merits of their qualified immunity argument, a motion for reconsideration is the improper mechanism for the Court to address it.  Because Microgenics Defendants failed to raise — let alone mention — qualified immunity in their motion to dismiss, the Court will not address this new argument now.  *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (motion for reconsideration does not enable consideration of a new argument).

Microgenics Defendants' attempt to cast the Court as having "overlooked" the qualified immunity argument misses the mark.  They contend that their classification as state actors "necessarily implicates the qualified immunity protections typically afforded to state actors," which the Court should have considered.

But had Microgenics Defendants wanted the Court to address qualified immunity, they should have simply raised it in their motion to dismiss, rather than in a motion for reconsideration.  Qualified immunity is, after all, an affirmative defense that a party can waive.  *See Harris v. Miller*, 818 F.3d 49, 63 (2d Cir.

2016).  Thus, because the Court did not "overlook" an affirmative defense that Microgenics Defendants failed to raise, *see Henderson v. City of New York*, No. 05-CV-2588 FB CLP, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before the court on the underlying motion.") (cleaned up), the Court rejects their attempt "to plug gaps in an original argument or to argue in the alternative," *see Chow v. Shorefront Operating LLC*, No. 1:19-CV-3541-FB-SJB, 2021 WL 2646329, at *1 (E.D.N.Y. June 28, 2021), and will not consider qualified immunity now.

### E. Injury Element of the General Business Law ("GBL") § 349 Claim

Finally, Microgenics Defendants contend that the Court failed to consider the third required element of a GBL § 349 claim, that "plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *See City of New York v. Smoke-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009).  Microgenics Defendants argue that Plaintiffs' damages from the drug tests were too indirect to constitute injury under GBL § 349, relying on two New York Court of Appeals cases, *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 622–24 (2009) and *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 206–08 (2004). Again, Microgenics Defendants appear to be advancing a new argument.

Nonetheless, Plaintiffs plausibly allege sufficient injury under GBL § 349, which is "intentionally broad, applying to virtually all economic activity" and permitting recovery by any party — not limited to consumers — injured "by reason of a deceptive business practice." *Philip Morris*, 3 N.Y.3d at 205-07 (internal quotation and citation omitted). Plaintiffs must "plead that they have suffered actual injury caused by a materially misleading or deceptive act or practice" *see Smokes-Spirits*, 12 N.Y.3d at 623, which Plaintiffs do: they claim that they suffered injury because of Microgenics Defendants' sale of the urinalysis system, as well as Defendants' statements as to the accuracy and reliability of that system at disciplinary hearings.

Neither *Philip Morris* nor *Smokes-Spirits* compels a different result. Together, these cases stand for the proposition that plaintiffs lack standing under the statute when their injury is "indirect or derivative," *i.e.*, it "arises solely as a result of injuries sustained by another party." *Smokes-Spirits*, 12 N.Y.3d at 622 (quoting *Philip Morris*, 3 N.Y.3d at 207).

The factual circumstances are further inapposite. *Philip Morris* considered, and rejected, whether insurers or other third-party payers of expenditures could bring their own actions based upon injuries to their insureds. See Philip Morris, 3 N.Y.3d at 207-08. Because the injury was directly suffered by their insureds, not them, and they had another remedy, equitable subrogation for insurance, the court

10

held they lacked standing. *Id.* Similarly, in *Smokes-Spirits*, the court dismissed a suit by the City of New York against defendants who sold cigarettes online, alleging that they misrepresented that their cigarette sales were tax-free. *Smokes-Spirits*, 12 N.Y.3d at 622. The City's purported injury was a sum of unpaid cigarette taxes, which the court determined was too indirect because it was based entirely on the injury suffered by mislead consumers. *Id.* at 622-24.

In both cases, a party asserted injury "several steps removed from the deceptive act." *See M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 217 (E.D.N.Y. 2010) (summarizing caselaw). By contrast, under the *Philip Morris* test for whether an injury is indirect or derivate — whether the loss "arises solely as a result of injuries sustained by another party," *see Philip Morris*, 3 N.Y.3d at 207 — Plaintiffs clearly allege direct injury that does not rely on injuries sustained by others. Accordingly, Microgenics Defendants' argument fails.

### III.   CONCLUSION

For the foregoing reasons, Microgenics Defendants' motion for reconsideration is DENIED.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 23, 2024

11