EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

July 22, 2024

*Via ECF*

Hon. Frederic Block
United States District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Nadezda Steele-Warrick v. Microgenics Corporation et al.*
         No. 19-cv-6558 (FB) (VMS)

Dear Judge Block:

  On behalf of Plaintiffs, we write pursuant to Individual Practice Rule 2.A and Fed. R. Civ. P. 23(b)(3), to respectfully request a pre-motion conference to address Plaintiffs' anticipated motion for class certification.

## I. Factual Background and Proposed Class Representatives

  Plaintiffs Nadezda Steele-Warrick and Darryl Schultz bring this action seeking damages for injuries caused by Defendants Microgenics Corporation and Thermo Fisher Scientific, Inc. (the "Corporate Defendants") and current and former employees of the New York State Department of Corrections and Community Supervision (the "DOCCS Defendants"). The Corporate Defendants induced DOCCS to adopt their immunoassay drug testing system by intentionally misrepresenting its reliability, and the DOCCS Defendants failed to do any due diligence to determine whether and how the drug testing system could be used in the correctional context. Defendants' misconduct caused thousands of incarcerated individuals, including proposed class representatives Ms. Steele-Warrick and Mr. Schultz, to be disciplined based solely on untrustworthy test results despite a barrage of complaints about the false results.

  Ms. Steele-Warrick, a model prisoner with a pristine record including no positive drug tests while incarcerated, received a false positive drug test result in April 2019. She was subsequently found guilty after a disciplinary hearing and, as a result, lost a number of hard-earned privileges, including preferred housing and participation in DOCCS's Family Reunion Program. Her hearing result was overturned in September 2019 when DOCCS finally admitted that the results produced by the testing system were not sufficiently reliable to support discipline.

  Mr. Schultz had been in DOCCS custody since 1989 without ever being disciplined for drug use. He was set to appear before the parole board in August 2019, but he received false positive drug test results in February and July 2019. Taking illegal drugs would have been very dangerous for Mr. Schultz, a cancer survivor who had suffered a heart attack, had a triple bypass, and has high blood pressure and diabetes. Nonetheless, he was found guilty in both instances and subjected to solitary confinement and loss of privileges. He also had to postpone his parole hearing, as he would not have been granted parole with a recent drug-related

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

disciplinary charge. By October 2019, Mr. Schultz's disciplinary charges had finally been reversed and he was granted parole shortly thereafter.

## II.     A Damages Class Should Be Certified

Plaintiffs seek to represent a damages class, pursuant to Fed. R. Civ. P. 23(b)(3), of all persons who received two concurrent positive screening test results on the same urine sample from the Corporate Defendants' drug testing system while in DOCCS custody. Class certification is appropriate because each of the requirements in Rule 23(a) and Rule 23(b)(3) is satisfied. Rule 23 is liberally construed, *see Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997), and the Second Circuit is "noticeably less deferential . . . when [a district] court has denied class status than when it has certified a class," *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999). Courts must err "in favor and not against the maintenance of a class action." *Sharif v. N.Y. State Educ. Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989).

### A.     The Proposed Class Satisfies Fed. R. Civ. P. 23(a)

<u>Numerosity</u>: Fed. R. Civ. P. 23(a)(1). The proposed class, which consists of approximately 3,000 people, is so large that joinder of all individual class members is impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

<u>Commonality</u>: Fed. R. Civ. P. 23(a)(2). Common issues abound. Rule 23(a)(2) requires only that a "single common question" unite the proposed class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Plaintiffs' injuries all stem from a specific, uniform practice: the Corporate Defendants' misrepresentations and DOCCS's use of results from their drug testing system, without confirmatory testing, to impose discipline for illicit drug use. Thus, the "claims raised by all plaintiffs—as well as the alleged systematic failures that plaintiffs assert caused their injuries—are uniform." *Casale v. Kelly*, 257 F.R.D. 396, 412 (S.D.N.Y. 2009); *see also Ray M. v. Bd. of Educ.*, 884 F. Supp. 696, 699 (E.D.N.Y. 1995) (commonality met where plaintiffs challenge defendants' practice rather than their conduct toward an individual plaintiff).

<u>Typicality</u>: Fed. R. Civ. P. 23(a)(3). The class representatives' claims are "typical" because they arise from the same general "course of events" as the absent class members' claims and rely on "similar legal arguments." *Marisol A.*, 126 F.3d at 376. Representatives' claims are typical where, as here, their injuries and those of the absent class members arise from application of Defendants' consistent policy or practice. *See Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) (employer discriminating "in the same general fashion" against all class members). Plaintiffs, like the class they seek to represent, claim that the Corporate Defendants knowingly misrepresented the reliability of their testing system, and that the DOCCS Defendants failed to conduct due diligence and imposed disciplined based solely on unconfirmed test results even after receiving numerous complaints about false positives. Plaintiffs and the class claim this misconduct violated their rights under federal and state law. *See Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (typicality usually met where case challenges unlawful conduct affecting both named plaintiffs and putative class).

<u>Adequacy of Representation</u>: Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately protect the interests of the class. First, the proposed class representatives have no

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

conflict with any class members: they were subjected to the same unlawful conduct and suffered injuries that this lawsuit seeks to remedy. *See Hirschfeld v. Stone*, 193 F.R.D. 175, 183 (S.D.N.Y. 2000). Second, class counsel is competent and experienced in federal class action and civil rights litigation. *See id*. Emery Celli Brinckerhoff Abady Ward & Maazel LLP is a law firm with extensive experience in civil rights litigation and class action lawsuits against state and local governments and agencies. *See Brown v. Kelly*, 244 F.R.D. 222, 233 (S.D.N.Y. 2007) (describing the firm as "a preeminent civil rights firm"). PLS is a nonprofit organization focused on the rights of persons incarcerated in New York that also has robust experience with civil rights and class action litigation. *See Doe v. Coughlin*, 697 F. Supp. 1234, 1235 n.4 (N.D.N.Y. 1988) (describing PLS as "probably the most qualified representative the plaintiff class could have, given their vast knowledge of and experience with New York State's correctional system").

### B. This Suit Qualifies as a Class Action Under Fed. R. Civ. P. 23(b)(3)

<u>Common legal and factual questions predominate</u>. Issues "that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *In Re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001). Predominance (and typicality) are generally satisfied unless "it is clear that individual issues will overwhelm the common questions." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996). Every class member in this case suffered damages as a result of the Corporate Defendants' negligence and false representations about their drug testing system's reliability and the DOCCS Defendants' failure to ensure that the test results were sufficiently reliable. Plaintiffs need only show that all class members' injuries flow from Defendants' uniform conduct. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34-35 (2013); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

<u>A class action is superior to other methods of adjudication</u>. Given the number of class members, a class action is superior to other methods of adjudication. Without class certification, the rights of many class members will likely never be vindicated. *See, e.g.*, *D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996). Where, as here, plaintiffs are "aggrieved by a single policy of the defendants," the case presents "precisely the type of situation for which the class action device is suited," as many nearly identical claims can be adjudicated in unison. *In re Visa Check*, 280 F.3d at 146.

<u>The putative class is ascertainable.</u> The proposed class meets Rule 23's "implied requirement of ascertainability," *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015), because this Court can determine members of the class "without having to answer numerous fact-intensive questions." *Daniels v. City of New York*, 198 F.R.D. 409, 414 (S.D.N.Y. 2001) (internal quotations omitted). DOCCS has provided Plaintiffs with records identifying every person who received two concurrent positive screening test results on the same urine sample from the Corporate Defendants' drug testing system while in DOCCS custody. *See In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 229 (2d Cir. 2006) (defendants possessed records of misdemeanor detainees strip searched during class period); *In re Visa Check*, 280 F.3d at 142 (certifying class where class members could be identified "by defendants' own records").

For these reasons, the Court should certify the class.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

        Respectfully submitted,

        /s/
        Emily K. Wanger

c.    All Counsel