EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

August 7, 2024

*Via ECF*

Hon. Frederic Block
United States District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Nadezda Steele-Warrick v. Microgenics Corporation et al.*
        No. 19-cv-6558 (FB) (VMS)

Dear Judge Block:

  On behalf of Plaintiffs, we write pursuant to Individual Practice Rule 2.A and Fed. R. Civ. P. 26 & 37 to respectfully request a pre-motion conference to address Plaintiffs' anticipated motions to exclude affirmative opinions offered by the rebuttal experts retained by Defendants Microgenics Corporation and Thermo Fisher Scientific, Inc. (the "Corporate Defendants").

### *Background and Procedural History*

  Following the conclusion of fact discovery, Magistrate Judge Vera Scanlon so-ordered the parties' proposed expert discovery schedule on December 18, 2023. (Dkt. No. 254). Pursuant to the so-ordered schedule, the deadline for initial expert reports was February 29, 2024; the deadline for rebuttal expert reports was April 29, 2024; and the deadline for the completion of expert discovery was June 28, 2024.

  On February 29, 2024, Plaintiffs served three expert reports from experts Heather Harris, Nathan Cortez, and Dr. Robert Swotinsky. None of the defendants served an initial expert report. On April 29, 2024, the Corporate Defendants served seven "rebuttal" expert reports from five experts: two from Dr. Brent Kerger, one from Dr. Alexis Sauer-Budge, one from Dr. Nicholas Benetatos, two from Dr. Leo Kadehjian, and one from Dr. Alberto Gutierrez. All eight expert witnesses identified by the parties were deposed before the June 28, 2024 deadline to complete expert discovery.

### *Plaintiffs Will Move to Exclude the Rebuttal Experts' Affirmative Opinions*

  Federal Rule of Civil Procedure 26 allows rebuttal expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii); *Hart v. BHH, LLC*, No. 15 Civ. 4804, 2018 WL 3471813, at *9 (S.D.N.Y. July 19, 2018). "The scope of a rebuttal is limited to the same subject matter

encompassed in the opposing party's expert report." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016). "A rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.'" *Ebbert v. Nassau Cnty.*, No. 05 Civ. 5445, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008) (citation omitted). When experts offer new, affirmative opinions in their rebuttal reports, denying the other parties the opportunity to respond to the new opinions, courts can exclude the new affirmative opinions. *See, e.g.*, *Ebbert*, 2008 WL 4443238, at *14 (striking new opinions in expert's rebuttal report); *Jorgenson Forge Corp. v. Consarc Corp.*, No. C00-1879Z, 2002 WL 34363668, at *1 (W.D. Wash. Jan.9, 2002) (excluding rebuttal testimony that went "well beyond the scope of the Plaintiff's expert reports and introduces new opinions").

    Several of the opinions offered by the Corporate Defendants' rebuttal witnesses are new arguments that go far beyond the scope of Plaintiffs' experts' reports. These improper rebuttal opinions include opinions relating to whether the positive drug tests received by Plaintiffs Nadya Steele-Warrick and Darryl Schultz were false positive results; opinions relating to statistical probability that a positive immunoassay drug test result is correct; opinions analyzing drug testing data from the Corporate Defendants' internal data and data from laboratories, which was not discussed by Plaintiffs' experts; and opinions regarding the capability of immunoassay developers to use molecular structural analysis to assess potential cross-reactivity issues with immunoassays. None of these topics was addressed in Plaintiffs' experts' initial reports, nor can they be construed as responding to topics discussed therein. Plaintiffs would be prejudiced if the Corporate Defendants' rebuttal experts were permitted to opine on these topics, which Plaintiffs' experts did not have the opportunity to rebut. The Court should strike these affirmative opinions.

                   Respectfully submitted,

                    /s/
                  Matthew D. Brinckerhoff
                  Samuel Shapiro
                  Emily K. Wanger
                  Eric Abrams

c.  All counsel of record, *via ECF*