UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADEZDA STEELE-WARRICK and DARRYL SCHULTZ, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>  -against-<br><br>MICROGENICS CORPORATION, THERMO FISHER SCIENTIFIC, INC., ANTHONY ANNUCCI, JAMES O'GORMAN, CHARLES KELLY, RICHARD FINNEGAN, DONALD VENETTOZZI, ANTHONY RODRIGUEZ, COREY BEDARD, and JENNIFER BOOTH,<br><br>              Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 19-CV-6558-FB-VMS |

*Appearances:*
*For the Plaintiffs:*
MATTHEW D. BRINCKERHOFF
Emery Celli Brinckerhoff Abady Ward
& Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020

*For Defendants Anthony Annucci, James O'Gorman, Charles Kelly, Richard Finnegan, and Corey Bedard:*
LINDA FANG
New York State Office of
The Attorney General
28 Liberty Street
New York, NY 10005

*For Defendants Microgenics Corporation and Thermo Fisher Scientific, Inc.:*
CHRISTOPHER R. CARTON
Bowman and Brooke LLP
317 George Street, Suite 320
New Brunswick, NJ 08901

1

**BLOCK, Senior District Judge:**

On September 24, 2024, the parties held a pre-motion conference regarding their proposed motions for summary judgment. One issue warranted immediate attention: if this Court *must* decide a proposed class certification motion for a putative class simultaneously with or prior to resolving the proposed summary judgment motions. I have decided that the Court has discretion to first decide on the summary judgment motions, and it is warranted in this case.

The Plaintiffs and Defendants Microgenics Corporation and Thermo Fisher Scientific, Inc. ("Corporate Defendants") argue that the "one-way intervention rule" requires this Court to decide on class certification before making merits determinations. *DDMB, Inc. v. Visa, Inc.*, 05-MD-1720, 2021 WL 6221326, at *10 (E.D.N.Y. Sept. 27, 2021). That "rule" ensures that a merits determination binds all purported class members. *See Brecher v. Republic of Arg.*, 806 F.3d 22, 26 (2d Cir. 2015).

But as Defendants Annucci, O'Gorman, Kelly, Finnegan, and Bedard ("DOCCS Defendants") correctly contend, the Court has discretion to decide the summary judgment motions before turning to the issue of class certification. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998). Plaintiffs concede that the Court has such discretion. ECF No. 306 at 1 (citing *Lowenbien v. Transworld Sys., Inc.*, No. 19-CV-492 (BMC), 2019 WL 3081095, at *3 (E.D.N.Y.

Jul. 15, 2019)). And no party cites a case that treats the "one-way intervention rule" as precluding such judicial discretion.

Judicial economy encourages deciding first on summary judgment when a merits determination could inform and even moot class certification issues without prejudicing the parties. *See Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134-35 (2d Cir. 2013). Corporate Defendants state that "if this Court grants Defendants' summary judgment motions, it will not need to rule on Plaintiffs' motion for class certification." *See* ECF No. 307 at 3. This may well be the case. There exists the profound issue of qualified immunity as applied to the DOCCS Defendants. The Second Circuit has instructed the Court to resolve that issue "expeditiously." *Steele-Warrick v. Finnegan*, 2024 WL 2837618, at *3 (2d Cir. 2024).

Under the circumstances of this case, the Court will therefore first entertain the proposed summary judgment motions on the issue of qualified immunity before addressing any other motions for summary judgment or class certification. However, subsequent summary judgment motions, if made, will be addressed in conjunction with any class certification motion.

**SO ORDERED.**

  /S/ Frederic Block  
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 8, 2024